(22 Misc. Rep. 534.)

## ELDRIDGE v. HUSTED.

(City Court of New York, General Term. February 7, 1898.)

1. ATTORNEY IN FACT—BINDING PRINCIPAL.
    A note given in the principal's name by an agent having a broad power of attorney binds him none the less because made to the agent as payee, and by him indorsed.

2. PLEADING AND PROOF.
    Defendant cannot prove payment under answer denying any payment as well as liability on the note.

Appeal from trial term.

Action by John S. Eldridge against Sabina E. Husted. From judgment for plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY, P. J., and SCHUCHMAN and O'DWYER, JJ.

Henry L. Brandy, for appellant.
Charles E. Hill, for respondent.

O'DWYER, J. The action was brought to recover upon two promissory notes made by the defendant, signed with her name and Peter V. Husted, her attorney in fact. The complaint was an ordinary one upon promissory notes, and alleges the notes; that Peter V. Husted was the attorney in fact of the defendant, and authorized to make and deliver notes for the defendant; the making and delivery before, and nonpayment at, maturity. The answer admits the power of attorney, the making and delivery and nonpayment, but alleges that it only authorized her attorney to make notes in her own business affairs, and not in any manner to bind or charge the defendant for the personal debts or liabilities of said Peter V. Husted; and, further, that the indebtedness for which the notes were given was that of Peter V. Husted, and that no consideration was given to the defendant for such notes. The complaint was a sufficient complaint to entitle plaintiff to judgment by default had no answer been interposed, and the motion to dismiss the complaint at the opening of the trial, on the ground that it did not state facts sufficient to constitute a cause of action, was properly denied.

On the trial, the plaintiff claimed that the consideration for the notes in question was the giving to Peter V. Husted (the only witness, who appeared for the defendant) of certain securities which the plaintiff had in consideration of the notes in question, on which securities Peter V. Husted received money; that these securities were given at the same time that the notes were given, and in consideration of such transfer of the securities. The defendant contended that the notes were given in consideration of a past indebtedness, and that there was no consideration given at the time that the notes were delivered to the plaintiff. Upon this conflict, the jury have found in favor of the plaintiff, and an examination of this record does not show that that verdict is against the weight of evidence or the preponderance of evidence. On the contrary, we are satisfied that the verdict is fully justified by a fair preponderance of evidence.

At the conclusion of the trial, the defendant requested the court to charge "that a trustee or agent should not act for his own benefit in any matter relating to his agency or trust," and to a denial to so charge duly excepted. There was nothing in the evidence for either side which would justify the claim that the note was made for the benefit of the agent. The case of Claflin v. Bank, 25 N. Y. 293, relied upon by the defendant, does not apply. That case lays down the proposition only that the president of a bank is not entitled to certify his own check upon the bank, and that a person taking such check runs the risk of the check not being good. It nowhere holds that an agent with a broad power of attorney may not use his principal's name upon negotiable paper so as to bind the principal. The fact that the note was made payable to himself, and indorsed by himself, does

not invalidate the note. It simply gave the plaintiff the additional security of Peter V. Husted as indorser. Goshen Nat. Bank v. State, 141 N. Y. 379, 36 N. E. 316.

It was not error to exclude evidence of payment on account of the notes. There was no plea of payment, but, on the other hand, the defendant, in her answer, denies making any payment on account of the notes. The other exceptions require no discussion.

The case was fairly tried, and the judgment appealed from should be affirmed, with costs. All concur.